ELIZABETH ADAMS

*v.*

CLEMENT J. ADAMS, administrator *cum testamento annexo* of James Stokes, deceased.

ANNA BELLE ROBINSON

*v.*

CLEMENT J. ADAMS, administrator *cum testamento annexo* of James Stokes, deceased.

ALICE WEEKS MAY

*v.*

CLEMENT J. ADAMS, administrator *cum testamento annexo* of James Stokes, deceased.

JENNIE WEEKS

*v.*

CLEMENT J. ADAMS, administrator *cum testamento annexo* of James Stokes, deceased.

1. Where no demand for payment of legacies is made till after the death of the life tenant, who is also executrix, interest on the legacies cannot be had against the remaindermen.

2. A bequest to a creditor of testator of a sum equal to or greater than the debt, contracted before the making of the bequest, is deemed a satisfaction of the debt, the will not showing a contrary intention, and no motive being assigned for the gift.

3. A promissory note fixing no time of payment is a demand note, and, containing no promise of interest, bears none till demand.

Heard together on bills, answers and statement of facts.

The object of these bills is to recover four several legacies given to the four several complainants respectively by the will of James Stokes, late of the county of Atlantic, deceased.

He died January 31st, 1891, testate of a will made two days previously, the effective parts of which are as follows :

"*First.* I give, devise and bequeath unto my wife, Mary J. Stokes, all my estate, both real and personal, in trust, wherever the same may be, to have, hold, receive, use and enjoy the rents, interest, issues and profits thereof, during the term of her natural life, except as hereinafter provided for.

"*Second.* I give, devise and bequeath the sum of five hundred dollars to my wife's sister, Elizabeth Adams, and the sum of two hundred dollars to each of my nieces, Alice Weeks, Jennie Weeks and Anna Belle Robinson.

"*Third.* I give to my executrix hereinafter named full power and authority to grant, bargain, sell and convey all my said real and personal estate to any person or persons, in fee-simple, at public or private sale, upon such terms as she shall think fit.

"*Fourth.* I direct that my real estate shall be sold as soon after my decease as shall seem meet, and the proceeds of said sale after paying the legacies above specified to be invested on bond and mortgage upon real estate.

"*Fifth.* I give, devise and bequeath, after the death of my said wife, the balance of my said real estate remaining in her hands, to my lawful heirs.

"*Sixth.* I do hereby constitute my said wife, Mary J. Stokes, executrix of this my last will and testament."

The testator left no personal estate, but died seized of a boarding-house or hotel in Atlantic City, known as the "Arlington," which had considerable value.

The widow duly proved the will, took possession of the real estate and enjoyed it with the rents and profits until her death on the 10th of October, 1894, without having sold the real estate or paid the legacies or any interest thereon.

After her death, letters of administration, *de bonis non cum testamento annexo,* were granted to the defendant, Clement J. Adams, who sold the real estate on the 25th of March, 1895, and has in hand sufficient proceeds to pay the legacies.

After the death of the widow and the appointment of defendant as administrator, the complainant Elizabeth Adams produced and made a sworn demand against the estate, based upon a promissory note in these words :

Adams *v.* Adams.

"ATLANTIC CITY, New Jersey, March 23, 1888.

" For value received, I promise to pay to the order of Elizabeth Adams four hundred and fifty dollars ($450.00).

" $450.00.                          (Signed)      JAMES STOKES."

At the time when these causes were submitted a suit by complainant against defendant, on that note, was pending in a court of law. No demand was made upon the executrix named in the will by either of the complainants for the payment of their legacies or any interest thereon, and the same is true as to the promissory note held by the complainant Elizabeth Adams.

*Mr. George A. Bourgeois, Jr.,* for the complainants.

*Mr. Carlton Godfrey,* for the defendant.

PITNEY, V. C.

Two questions were submitted—first, are the complainants entitled to interest on their several legacies commencing from the statutory period of one year after the death of the testator? and second, was the amount due on the promissory note held by Elizabeth Adams paid and satisfied by the bequest to her of $500, found in the second clause of the will?

With regard to the question of interest on the legacies, it is argued by the defendant that, reading the second clause of the will in connection with the third, which gives power of sale, and the fourth, which directs that the real estate shall be sold and the legacies paid out of it, the time for the payment of the legacies was after the sale of the real estate, and that they were not due and therefore did not bear interest until such sale took place.

I am unable to adopt that view. It is manifest from the language used that the testator did not contemplate any great delay in selling the land and paying the legacies; and it is not probable that he would subject the legatees to the risk of having the payment of their legacies indefinitely postponed, at the discretion of the executrix, who was also tenant for life and thereby directly interested in the postponement of the sale and payment of the · legacies, and the consequent diminution of the body of the estate and the income to which she was entitled.

I am of the opinion that if the legatees had pressed their claims for payment with proper diligence, as they had a perfect right to do and as they might have done, they would have been entitled to interest after one year from the testator's death.

But they did not press their claims and rested quietly for upwards of three years, during which period the executrix, who had the power of sale, was enjoying the income of the property without diminution from the payment of these legacies.

Now, it seems to me that this failure to act and collect their demands, on the part of the legatees, must be held, as against the persons entitled in remainder, to be a waiver on their part of the interest on their legacies.   They had the power to enforce their claims and refrained from doing so, to the benefit of the tenant for life and at the expense of the tenants in remainder, if they are compelled to pay interest.

I conclude, then, that the complainants ought not to recover against this administrator any interest on their legacies.   It appears that he acted promptly in the sale of the property, and that he was ready and willing to pay the face of the legacies as soon as the estate could be liquidated.

Whatever claim the legatees may have for interest ought to be pressed against the estate of the widow, who enjoyed the benefit of the use of the property out of which the legacies ought to have been paid when due.

With regard to the second question, I doubt whether it is properly before the court, and intimated my doubts to counsel at the argument.   Nevertheless, they requested me to express an opinion upon it, and I have examined it with the following result :

The settled rule of construction is that a bequest by a debtor to a creditor of a sum of money equal to or greater than the debt, where the debt was contracted before the bequest was made, and no motive was assigned for the gift, and in the absence of any contrary intention discoverable on the face of the will, shall be deemed a satisfaction of the debt.

In this case there is no direction in the will that the testator's debts shall be paid, nor any other expressions to prevent the

application of the rule of construction above stated, and the only question that remains is as to whether or not the bequest was as great or greater than the amount of the debt. The face of the debt in this case is $450, and it is evidenced by a promissory note, dated March 23d, 1888, but fixing no time for payment and containing no provision for interest.

It is urged that in ascertaining whether the bequest is or is not as great as the debt, the interest, if any, which has accrued on the debt at the death of the testator must be added to the principal and the same taken as the debt.

No authority was cited in support of this proposition, but without admitting its soundness I will adopt it for present purposes. As before stated, the note in question does not mention interest, nor does it fix any time of payment. It promises simply to pay so much money.

It is well settled that such a note has precisely the same effect as if it had been drawn payable on demand. *Story Prom. N.* § *29; Byles Bills and N. 79, 210; Chitty Bills 151; 1 Rand. Com. Pap.* § *119.*

The authorities go the length of holding that the insertion in such a note by the holder, with the consent of the maker, of the words "on demand" is not such an alteration as to render it void.

The law is equally well settled that on a promissory note, payable on demand, which does not mention interest, it does not begin to run until after demand is made, either especially or by the commencement of an action. *Mayne Dam. 172; Byles Bills 305; Chitty Bills 679, 681, 682.*

The reason of this rule is that where there is no expressed promise to pay interest, it can be and is given only by way of damages for a default in the performance of duty. It is not a part of the contract and recoverable as such.

If one promises to pay money on a date named in a contract, he is in default if he does not pay on that date, and is at once liable to pay interest by way of damages for his default.

But upon a promissory note which fixes no date of payment he cannot be said to be in default until demand is made upon

him to pay, and hence is not liable for damages until such demand.

This result is not inconsistent with the existence all the while of a present right of action in the holder of such a promissory note. The mere fact that he has the present right to sue and recover a sum certain does not give him the right to recover damages for non-payment of that sum before he demands payment.

It follows that the statute of limitations may and does run against a promissory note payable on demand from its date, although interest does not run until its actual demand unless so expressed in the note. *Ang. Lim.* § *95; Wood Lim.* § *124.*

It thus appears that if the statute was pleaded to the action at law brought upon the promissory note here in question, the action will probably fail; but that question was not submitted to me.

I think the note was satisfied by the legacy and will advise a decree in accordance with the above views. I will hear counsel further as to costs, and merely say upon that subject that I see no occasion for the bringing of four suits to recover these small legacies.